# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVAN RAMOS,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondent. | Case No. 1:26-cv-06686-KES-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In the petition, Petitioner raises the following claims for relief: (1) his continued detention violates due process and Zadvydas because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (2) Respondents' third country policy violates due process, the Immigration and Nationality Act, the Convention Against Torture, and implementing regulations; (3) Respondents' third country policy violates the Fifth and Eighth Amendments; and (4) Petitioner's re-detention violates the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedure Act. (ECF No. 1 at 13–19.[1])

On September 16, 2026, Respondents filed a response, arguing that "Petitioner's detention is reasonable given the significant likelihood of removal in the foreseeable future" and

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

"Petitioner has been detained pursuant to 1231(a) since May 30, 2026. That period of detention is longer than the 90-day removal period, but less than the 6 months of detention that Zadvydas held to be presumably reasonable." (ECF No. 11 at 2.) Respondent does not address Petitioner's claims that the revocation of his release violated applicable regulations. The six-month presumptively reasonable detention period and "the burden-shifting framework from *Zadvydas* does not apply" to challenges to "ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (alterations in original) (quoting Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025)). "The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed," including notice and a prompt informal interview. Yan-Ling X., 813 F. Supp. 3d at 1163; 8 C.F.R. § 241.4(*l*)(1); 8 C.F.R. § 241.13(i)(3). Additionally, "when ICE revokes release to effectuate removal, 'it is [ICE's] burden to show a significant likelihood that the alien may be removed.'" Yan-Ling X., 813 F. Supp. 3d at 1163.

The Court finds that supplemental briefing on whether ICE complied with applicable regulations when revoking Petitioner's order of supervision and whether Respondent can show a significant likelihood that Petitioner may be removed would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE:
   a. A supplemental brief addressing the issues set forth above; and
   b. Any supporting documentation; and
2. Within fourteen (14) days of the date of service of Respondents' supplemental brief, Petitioner MAY FILE a traverse.

IT IS SO ORDERED.

Dated: **October 9, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE